PEOPLE, PLAINTIFF AND APPELLEE, *v.* OCASIO, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Desecration of the American Flag.

No. 1782.—Decided May 18, 1922.

DESECRATION OF THE AMERICAN FLAG—PLEADING—COMPLAINT.—It is an act of
contempt to the flag of the United States of America, penalized by the
Act of March 10, 1904, to say at a public meeting that "the only decent
flag in Porto Rico is the red flag." The words constituting the offense or
contempt must be construed as having the meaning that the persons hearing
them would place upon them, and it is not necessary that the offense be
given directly. And it can not be concluded that the complaint does not
charge an offense because reference was made to the flag of the United
States as "the American flag."

The facts are stated in the opinion.

Mr. L. Tormes for the appellant.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Manuel Ocasio raised the present appeal from a judgment
of conviction rendered against him under a complaint which
reads in part as follows:

"That on October 21, 1920, at 10:10 p. m., on the public square
of Peñuelas, within the municipal judicial district of Peñuelas, which
forms a part of the municipal judicial district of Ponce, P. R., the
said defendant, Manuel Ocasio, then and there unlawfully, wilfully
and maliciously and while speaking at a Socialist meeting which was
being held on the said public square of the said town, stated that
'the only decent flag in Porto Rico is the red flag' at a time when
the speakers' platform was decorated only with the American flag
because the authorities had forbidden the use of the said red flag;
and by that statement he cast contempt upon the American flag which
was the only flag that was displayed from the platform on that
night."

In the brief presented by the appellant in support of
his appeal he alleges as a ground for the reversal of the
judgment and his discharge that the trial court erred in
overruling his demurrer to the complaint on the ground that

it did not state facts sufficient to constitute an offense. The *fiscal* of this court acquiesces in this plea.

The law under which the appellant was prosecuted and convicted is entitled "An Act to prevent and punish the desecration of the flag of the United States" and was approved on March 10, 1904. Section 1 thereof provides as follows:·

"Section 1.—Any person who in any manner, for exhibition or display, shall place or cause to be placed, any word, figure, mark, picture, design, drawing, or any advertisement of any nature, upon any flag, standard, color or ensign, of the United States of America, or shall expose or cause to be exposed to public view any such flag, standard, color or ensign, upon which shall be printed, painted or otherwise placed, or to which shall be attached, appended, affixed. or annexed, any word, figure, mark, picture, design, or drawing, or any advertisement of any nature, or who shall expose to public view, manufacture, sell, expose for sale, give away, or have in possession for sale, or to give away, or for use for any purpose, any article or substance, being an article of merchandise, or a receptacle of merchandise, or car, or vehicle for transportation or merchandise, upon which shall have been printed, painted, attached, or otherwise placed, a representation of any such flag, standard, color or ensign to advertise, call attention to, decorate, mark or distinguish the article or substance on which so placed, or who shall publicly mutilate,· deface, defile, or defy, trample upon or drape in mourning (except at funerals), or cast contempt, either by word or act, upon any such flag, standard, color or ensign shall be deemed guilty of a misdemeanor and shall be punished by a fine not exceeding one hundred dollars, or by imprisonment for not more than thirty days, or both, in the discretion of the court."

The appellant maintains that the complaint made against him does not charge the offense of desecration of the flag, of the United States of America because reference is not made to it, but to the American flag, the fact being that there are many American flags. If the words attributed to the appellant cast contempt upon the flag of the United States of America they are none the less an offense for the reason that the complaint did not specifically mention the

flag of the United States of America, for the commission of the offense must be looked for in the words uttered by the defendant and not in the statements made by the complainant speaking for himself. Even if the complainant had not made such statements the complaint could still charge an offense if the words uttered cast contempt upon the flag of the United States of America.

With regard to the words attributed to the appellant, he contends that they do not constitute an offense because they do not involve any of the deeds or acts mentioned in the law said to have been violated, inasmuch as they do not cast contempt upon the flag of the United States of America, and he cites in support of his contention our decisions in the cases of *People* v. *Rivera Esbrí et al.,* 26 P. R. R. 505; *People* v. *Del Moral et al.,* 16 P. R. R. 621, and *People* v. *Suárez,* 23 P. R. R. 226.

The complaint charges the appellant with having said at a meeting that "the only decent flag in Porto Rico is the red flag." In using these words he did not say directly that the flag of the United States of America is an indecent flag, but he said so indirectly because the words clearly excluded from the classification as decent every flag in Porto Rico except the red flag, and inasmuch as the flag of the United States of America has been the flag of Porto Rico since 1898, such words must signify to everybody that the flag of the United States of America is not a decent flag, constituting the desecration of the said flag penalized by the statute quoted. The words constituting the offense of desecration should be construed in the sense and meaning that persons hearing them would place upon them, and it is not necessary that the offense be committed directly. 17 Ruling Case Law, 312 and 314. In accordance with this rule, if a person should say in an assembly of several persons that the only honest one among those there was a certain person whom he named, nobody would doubt that he had clearly said in an indirect

manner that all of the other persons assembled were dis-
honest.  As to the citations made by the appellant from our
decisions, none of the cases apply to the present case, be-
cause all three of them hold that the complaint must set
forth the acts constituting the offense, and in this case the .
complaint contains the words uttered by the appellant which,
as we have seen, constitute the crime with which he is charged,
for they amount to a desecration of the flag of the United
States of America.

Of more force seems to be the argument of the *fiscal* in
acquiescing in the appeal to the effect that as the words at-
tributed to the appellant do not directly cast contempt upon
the flag of the United States of America, the conclusion that
he committed the crime charged could be reached only by
inference, and that such an inference is not permissible when
a citizen's liberty or property may be at stake, according
to our decisions in the cases of *People* v. *Aragón,* 22 P. R.
R. 741; *People* v. *Marini,* 22 P. R. R. 10, and *People* v.
*Grau,* 29 P. R. R. 581; but if these cases are carefully ex-
amined it will be seen that they are not applicable, for al-
though in all of them this court held as pointed out by the
*fiscal,* yet their import is that when the statute has not di-
rectly created an offense it can not be held to exist by in-
ference, but they do not hold that natural and logical infer-
ences can not be drawn from deeds or words.  Thus, in the
*Aragón Case* the prosecution was brought under a sanitary
regulation which permitted the washing of clothes in houses
under certain conditions, but did not prohibit it positively
and expressly, and we held that although it may be said
that such prohibition might be inferred logically from the
wording of the regulation, such an inference can not be ad-
mitted in a case of the imposition of a penalty upon a citizen,
citing the case of *People* v. *Paratze,* 22 P. R. R. 35, in which
we said that no act can be punished as a crime unless it is
both prohibited and made punishable by law, and that the

ordinance under which the complaint was made neither pro-
hibits in terms nor penalizes the act charged in the informa-
tion, it being purely permissive and not penal and does not
create nor define any offense. In the *Marini Case* our hold-
ing was that when a statute enumerates circumstances which
would change simple assault and battery into aggravated as-
sault and battery, in order that the complaint may be con-
sidered as charging an aggravated assault the said circum-
stances must be set forth clearly therein; and in the *Grau
Case* we held that to bring the act charged within the mean-
ing of the statute would require forced construction and that
the law would have to be applied by expansion, and this
course should not be followed in criminal cases. As may be
seen, in the said three cases the question was of drawing in-
ferences from the law, while in the present case the law
clearly makes it an offense for any person to cast contempt
upon the flag of the United States of America by words and
the only thing to be done in this case is to construe the words
uttered by the appellant in order to ascertain whether, al-
though indirectly, they constitute a desecration of the flag.
We have examined the cases of *State* v. *Halder,* 13 Am. Dec.
738; *State* v. *Seay,* 20 Am. Dec. 66; *Moore* v. *Commonwealth,*
39 Am. Dec. 725; *State* v. *Thurstin,* 58 Am. Dec. 698; *State*
v. *Dale,* 42 S. W. 723, and *State* v. *Whedbee,* 67 S. W. 62,
and they uphold the theory of the *fiscal* in this case, but
they refer to the fact that the information did not contain
all of the facts necessary to constitute the offense, which
could not be left to inference or conjecture, and they may
be distinguished from the present case because in this case
it is not sought to supply by inference or conjecture facts
which are not set out in the complaint, but merely to con-
strue the words uttered by the appellant and determine
whether they constitute an offense.

The second ground of appeal is that the court below erred
in weighing the evidence. It is likewise untenable because

the evidence showed that the appellant uttered the words mentioned in the complaint which, as we have said, constitute the offense charged, and the fact that they were uttered on the occasion of the recent executive prohibition of the use of the red flag does not affect the existence of the offense, for, on the contrary, this rather shows the intention to cast contempt upon the flag of the United States of America because the use of the red flag had been prohibited. The evidence does not otherwise disclose the absence of an intention to commit the offense.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.